```
 1  KAREN P. HEWITT
    United States Attorney
 2  CHRISTOPHER M. ALEXANDER
    Assistant U.S. Attorney
 3  California State Bar No. 201352
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-7425

 6  Attorneys for Plaintiff
    United States of America
 7
```

**ORIGINAL FILED**

**JUN 3 0 2008**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1458-LAB |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **PLEA AGREEMENT** |
| RAMIRO VASQUEZ-FONSECA, | ) | |
| Defendants. | ) | |

IT IS HEREBY AGREED between the Plaintiff, UNITED STATES OF AMERICA, through its counsel, Karen P. Hewitt, United States Attorney, and Christopher M. Alexander, Assistant U.S. Attorney, and Defendant, RAMIRO VASQUEZ-FONSECA, with the advice and consent of Robert Rexrode, counsel for Defendant, as follows:

///
///
///
///
///
///
///
///

Def. RVF
08cr1458-LAB

# I
# THE PLEA

Defendant agrees to plead guilty to Count 2 of the Indictment in Criminal Case Number 08CR1458-LAB charging Defendant with:

On or about March 10, 2008, within the Southern District of California, defendant RAMIRO VASQUEZ-FONSECA, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Fernando Alvarez-Mata, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

The United States agrees to move to dismiss without prejudice the remaining charge when Defendant is sentenced.

# II
# NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

Defendant understands that the count to which Defendant is pleading guilty has the following elements:

1. The person specified in the count is an alien;

2. The person specified in the count was not lawfully in the United States;

3. Defendant knew, or acted in reckless disregard of the fact, that the person specified in the count was not lawfully in the United States;

4. Defendant knowingly brought the person to the United States and upon arrival did not bring and present the person immediately to an appropriate immigration officer at a designated port of entry; and

5. Defendant acted with the intention of violating the immigration laws of the United States.

///
///
///
///

Def. RVF
08cr1458-LAB

B. **ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS**

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about March 10, 2008, Defendant was the driver of a Nissan Altima, bearing California license plates (the "vehicle") that applied for admission into the United States at the San Ysidro, California Port of Entry. Defendant drove the vehicle knowing that it concealed an alien.

2. Defendant transported the alien in a non-factory compartment behind the rear seat. This method of transport created a substantial risk of injury.

3. On or about March 10, 2008, Fernando Alvarez-Mata was an alien not lawfully in the United States.

4. Defendant knew, or was in reckless disregard of the fact, that the alien was not lawfully in the United States.

5. Defendant knowingly and intentionally brought the alien into the United States and upon arrival did not bring and present the alien immediately to an appropriate immigration officer at a designated port of entry.

6. The alien was going to pay others money to be brought into the United States and/or transported illegally to the alien's destination therein.

7. Defendant committed the above acts with the intention of violating United States immigration laws.

### III

### PENALTIES

Defendant understands that the count to which Defendant is pleading guilty carries the following penalties:

A. a maximum 10 years in prison;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100.00 per count; and

D. a term of supervised release of 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised

Def. RVF
08cr1458-LAB

1 release, requiring Defendant to serve in prison all or part of the term of supervised
2 release.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A. continue to plead not guilty and require the United States to prove the elements of the crime beyond a reasonable doubt;

B. a speedy and public trial by jury;

C. the assistance of counsel at all stages of trial;

D. confront and cross-examine adverse witnesses;

E. present evidence and to have witnesses testify on behalf of Defendant; and

F. not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The United States represents that any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The United States will continue to provide such information establishing the factual innocence of Defendant.

Defendant understands that if this case proceeded to trial, the United States would be required to provide impeachment information relating to any informants or other witnesses. In addition, if Defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty Defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, Defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

///
///
///

Def. RVF
08cr1458-LAB

4

# VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court;

C. No one has threatened Defendant or Defendant's family to induce this guilty plea; and

D. Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

# VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the United States will bring this plea agreement to the attention of other authorities if requested by Defendant.

# VIII

## SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the United States have had an opportunity to review and

Def RVF
08cr1458-LAB

5

challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the United States' duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The United States has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the United States is not binding on the Court, and it is uncertain at this time what Defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant nevertheless has no right to withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. <u>BASE OFFENSE LEVEL AND ADJUSTMENTS</u>

Although the parties understand that the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable) under the Guidelines:

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG § 2L1.1(a)(3)] | 12 |
| 2. | Substantial Risk of Bodily Injury [USSG § 2L1.1(b)(6)] | 18 |
| 3. | Acceptance of Responsibility [USSG § 3E1.1] | -3 |

**RESULTING OFFENSE LEVEL**  15*

B. <u>ACCEPTANCE OF RESPONSIBILITY</u>

Notwithstanding paragraph A.3 above, the United States will **not** recommend any adjustment for Acceptance of Responsibility if Defendant:

1. Fails to admit a complete factual basis for the plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer, or
3. Fails to appear before the Court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the plea, or
6. Refuses to abide by any lawful court order.

C. <u>OTHER ADJUSTMENTS</u>

The parties agree that Defendant may request further adjustments. The United States, however, is free to oppose any adjustment other than those adjustments already listed in Section X, Paragraph A. In addition to the adjustments listed in Section X, Paragraph A, the United States will argue that the conditions in which the alien was transported warrant an upward adjustment under USSG § 2L1.1(b)(6).

D. <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

There is **no** agreement as to Defendant's Criminal History Category.

E. <u>FURTHER DEPARTURES</u>

The parties agree that Defendant may request further downward departures, including any criminal history departures under § 4A1.3. The United States, however, is free to oppose any further departures.

F. <u>"RELEVANT CONDUCT" INFORMATION</u>

Defendant agrees that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

G. <u>THE UNITED STATES' RECOMMENDATION REGARDING CUSTODY</u>

The United States agrees to recommend that Defendant be sentenced to the **low end** of the advisory guideline range as calculated by the United States pursuant to this agreement. However, if the

1  Court adopts an offense level or downward adjustment or departure below the United States'
2  recommendations in this plea agreement, the United States will recommend a sentence as near as
3  possible to what the sentence would have been if the United States' recommendations had been followed.
4      H.    SPECIAL ASSESSMENT
5      The parties will jointly recommend that Defendant pay a special assessment in the amount of
6  $100 to be paid forthwith at time of sentencing. The special assessment shall be paid through the office
7  of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk,
8  United States District Court."
9      I.    FINE/RESTITUTION
10     The parties do not recommend imposition of a fine or restitution order due to the Defendant's
11  limited financial prospects and because of the prohibitive cost of collection.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

14     In exchange for the United States' concessions in this plea agreement, Defendant waives, to the
15  full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including
16  any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of
17  the Guideline range recommended by the United States pursuant to this agreement at the time of
18  sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than
19  the high end of that range, Defendant may appeal, but the United States will be free to support on appeal
20  the sentence actually imposed. If Defendant believes that the United States' recommendation is not in
21  accord with this agreement, Defendant will object at the time of sentencing; otherwise the objection will
22  be deemed waived.
23     If Defendant breaches this plea agreement, at any time, by appealing or collaterally attacking the
24  conviction or sentence, in any way, the United States may prosecute Defendant for any counts, including
25  those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement.
26  Additionally, the United States may use any factual admissions made by Defendant pursuant to this plea
27  agreement in any such prosecution.
28  ///

Def _RVF_
08cr1458-LAB

## XII

## CRIMES AFTER ARREST OR BREACH OF THE AGREEMENT WILL PERMIT THE UNITED STATES TO RECOMMEND A HIGHER SENTENCE OR SET ASIDE THE PLEA

This agreement is based on the understanding that Defendant has committed no criminal conduct since Defendant's arrest on the present charges, and that Defendant will commit no additional criminal conduct before sentencing. If Defendant has engaged in or engages in additional criminal conduct during this period, or breaches any of the terms of this agreement, the United States will not be bound by the recommendations in this agreement, and may recommend any lawful sentence. In addition, at its option, the United States may move to set aside the plea.

## XIII

## ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

## XIV

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

///
///
///
///
///
///
///

Def. RVF
08cr1458-LAB

XVI

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation.

DATED 6/30/08

KAREN P. HEWITT
United States Attorney

CHRISTOPHER M. ALEXANDER
Assistant U.S. Attorney

DATED 6/27/08

ROBERT REXRODE
Attorney for
RAMIRO VASQUEZ-FONSECA

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

DATED 6-27-08

Ramiro Vasquez
RAMIRO VASQUEZ-FONSECA,
Defendant

Def. _____
08cr1458-LAB